IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

R. Auk

CLINTON E. BELL,                          :
                                          :
            Petitioner,                   :
                                          :
      vs.                                 :          CIVIL ACTION NO.: CV210-050
                                          :
Warden HAYNES; ATTORNEY                   :
GENERAL; and RECORDS                      :
ROOM,                                     :
                                          :
            Respondents.                  :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clinton E. Bell ("Bell"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response; Bell filed a Traverse. Bell alleges that the Federal Bureau of Prisons ("BOP") staff is maintaining documents in his inmate files that show he has an active warrant. Bell claims the warrant in question was dropped on July 13, 2009. Respondents allege that Bell failed to exhaust his administrative remedies prior to filing the instant petition, and, accordingly, his petition should be dismissed. For the reasons which follow, Bell's petition should be **DISMISSED**.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d

1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)). The responsibility for computing a sentence lies with the BOP. Gonzalez, 959 F.2d at 212.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.13(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

Bell admits that he has failed to exhaust his administrative remedies. (Doc. No. 8, p. 1). The record indicates that Bell has not filed a single administrative remedy while incarcerated at FCI Jesup. Bell's assertion that exhausting his administrative remedies would be futile is unavailing. See Hicks v. Jordan, 165 F. App'x 797, 799 n.2 (11th Cir. 2006) (reasoning that compliance with statutory exhaustion requirements is not satisfied by a judicial conclusion that these requirements need not apply due to futility). Bell was

required to exhaust his administrative remedies prior to filing his § 2241 petition, and he failed to do so.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Bell's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice, due to Bell's failure to exhaust his administrative remedies prior to filing the instant petition.

**SO REPORTED** and **RECOMMENDED**, this 24th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE